UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAYLA-MARIE J.,

                    Plaintiff,

        v.                                                    6:25-CV-269
                                                              (AJB/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

APPEARANCES:                                OF COUNSEL:

LEGAL AID SOCIETY OF                        PETER ZISSER, ESQ.
MID-NEW YORK
Attorney for Plaintiff
120 Bleecker St.
Utica, New York 13501

U.S. SOCIAL SECURITY ADMIN.                 FERGUS J. KAISER, ESQ.
OFFICE OF GENERAL COUNSEL
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled.  Dkt.

_____

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 12, 14, & 15.  For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND

Plaintiff "is an individual who received supplemental security income benefits based on disability as a child."  Dkt. No. 9, Admin. Tr. ("Tr."), p. 15.  Pursuant to the Commissioner's regulations, Plaintiff's eligibility for these disability benefits was subject to redetermination when she reached the age of eighteen.  20 C.F.R. § 416.987.  That determination concluded that Plaintiff was no longer under a disability as of November 22, 2021.  Tr. at pp. 101-106.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. at pp. 144-145, and hearings were held on June 23 and October 27, 2023.  Tr. at pp. 32-59.  Following the hearing, the ALJ issued a decision finding Plaintiff not disabled.  Tr. at pp. 15-26.

In her decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff:

> attained age 18 on October 18, 2020, and was eligible for supplemental security income benefits as a child for the month preceding the month in which she attained age 18. The claimant was notified that she was found no longer disabled as of November 22, 2021, based on a redetermination of disability under the rules for adults who file new applications.

Tr. at p. 18.  Second the ALJ found that "[s]ince November 22, 2021, the claimant has had the following severe impairments: schizoaffective disorder, bipolar type; major

2

depressive disorder; posttraumatic stress disorder; generalized anxiety disorder; panic disorder; obsessive compulsive disorder; and attention deficit hyperactivity disorder." *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. Tr. at p. 19. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but had the following non-exertional limitations:

> retains the ability to: understand and follow simple instructions and directions; perform simple tasks independently; maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact appropriately with all others to the extent necessary to carry out simple tasks; can handle simple, repetitive work-related stress in that the claimant can make occasional decisions directly related to the performance of simple tasks in a position with consistent job duties that do not require the claimant to supervise or manage the work of others; and should have occasional interaction with the public.

Tr. at pp. 20-21. Fifth, the ALJ found that Plaintiff had no past relevant work. Tr. at p. 24. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities, there were jobs in the national economy she could perform. Tr. at pp. 24-25. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 25.

On January 3, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

4

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

5

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

This Social Security appeal presents a single issue – whether the ALJ properly reached the finding of non disability based solely on the Medical-Vocational Guidelines and without having testimony from a vocational expert. Dkt. No. 12, Pl.'s Brief at pp. 4-9.

At Step Five of the sequential disability evaluation, the Commissioner bears the burden of proving that despite the claimant's severe impairments she can perform work that is available in the national economy. 20 C.F.R. §§ 404.1520(f) & 416.920(f).

In meeting [the] burden of proof on the fifth step of the sequential evaluation process described above, the Commissioner, under appropriate circumstances, may rely on the medical-vocational guidelines contained in 20 C.F.R. Part 404, Subpart P, App. 2, commonly referred to as "the Grid". The Grid takes into account the claimant's residual functional capacity in conjunction with the claimant's age, education and work experience. Based on these factors, the Grid indicates whether the claimant can engage in any

other substantial gainful work which exists in the national economy. Generally the result listed in the Grid is dispositive on the issue of disability.

*Zorilla v. Chater*, 915 F. Supp. 662, 667 (S.D.N.Y. 1996).

Reliance on the Grids is typically appropriate "if a claimant suffers solely from exertional impairments." *Lee v. Colvin*, 2016 WL 11477515, at *10 (N.D.N.Y. June 1, 2016), *report and recommendation adopted*, 2016 WL 4029252 (N.D.N.Y. July 27, 2016). This Court has previously explained the difference between exertional and non-exertional limitations:

> Exertional limitations are strength limitations, which include the ability to sit, stand, walk, carry, push, and pull. 20 C.F.R. §§ 404.1569a(a)-(b) & 416.969a(a)-(b); *see also Zorilla v. Chater*, 915 F. Supp. 662, 667 n.3 (S.D.N.Y. 1996). Non-exertional limitations imposed by impairments affect one's ability to meet requirements of jobs, other than strength demands including, "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." 20 C.F.R. §§ 404.1569a(c)(1)(vi) & 416.969a(c)(1)(vi); *see also Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y. 1997).

*Lutz v. Colvin*, 2016 WL 5401088, at *9 (N.D.N.Y. Sept. 8, 2016), *report and recommendation adopted*, 2016 WL 5394740 (N.D.N.Y. Sept. 27, 2016).

In addition:

> where the claimant's work capacity is significantly diminished beyond that caused by his exertional impairment the application of the grids is inappropriate. By the use of the phrase 'significantly diminish' we mean the additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity.

7

*Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986). The Second Circuit has further explained that "the ALJ cannot rely on the Grids if a non-exertional impairment has any more than a negligible impact on a claimant's ability to perform the full range of work." *Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) (internal quotation omitted). "[T]he mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the guidelines." *Bapp v. Bowen*, 802 F.2d at 603.

"An ALJ's determination of whether a claimant's nonexertional limitations significantly impact [her] ability to perform work constitutes a finding of fact, subject to deferential review." *Tashona R. D. v. Comm'r of Soc. Sec.*, 2024 WL 4442722, at *9 (N.D.N.Y. Aug. 12, 2024), *report and recommendation adopted*, 2024 WL 4274819 (N.D.N.Y. Sept. 24, 2024) (quoting *Shawn C. v. Comm'r of Soc. Sec.*, 2022 WL 17037624, at *5 (W.D.N.Y. Nov. 17, 2022)); *see also Crystal L. C. v. Comm'r of Soc. Sec.*, 2025 WL 2933190, at *4 (N.D.N.Y. Mar. 24, 2025), *report and recommendation adopted*, 2025 WL 2726720 (N.D.N.Y. Sept. 25, 2025). Plaintiff's briefing before the Court does not challenge any specific finding by the ALJ regarding her functional capacity or limitations. Nor does Plaintiff make any argument that the specific limitations do, contrary to the ALJ's findings, erode the occupational base. *See generally* Pl.'s Brief. Plaintiff argues only that reliance on the Grids was error by citation to various cases finding such reliance inappropriate on the particular facts presented in those cases. *Id.* at pp. 7-8. No effort is made to factually analogize any of

8

those cases to Plaintiff, however, and this fails to establish any specific error that would warrant remand.

The record reflects that the ALJ engaged in a careful and detailed analysis of Plaintiff's medical conditions, limitations, and functional abilities. Tr. at pp. 19-24. In doing so the ALJ concluded that Plaintiff's severe impairments resulted in mild limitations in her ability to understand, remember, or apply information and with respect to concentrating, persisting or maintaining pace. Tr. at p. 19. The ALJ found moderate limitations regarding Plaintiff's ability to interact with others and in adapting and managing herself. Tr. at pp. 19-20. As just noted, Plaintiff has not challenged the correctness of any of those findings in this proceeding and this Court finds no error with respect to any of them. The ALJ then undertook a careful analysis of the medical opinions upon which she based her RFC finding. Tr. at pp. 20-24. Here, again, Plaintiff does not take issue with the ALJ's analysis of the medical opinions or with her RFC determination. The Court, therefore, concludes that those findings were supported by substantial evidence.

Given the nature of the ALJ's evaluation and her discussion of the relevant evidence, the Court finds no error in her reliance on the Grids. The ALJ made a specific finding that Plaintiff's exertional and non-exertional limitations "have little or no effect on the occupational base of unskilled work at all exertional levels." Tr. at p. 25. Courts have consistently found that in similar circumstances, an individual's mild to moderate non-exertional limitations do not sufficiently erode the individual's occupational base

9

so as to render reliance on the Grids impermissible.  In *Leon A. v. Commissioner of Social Security*, for example, the plaintiff had mild to moderate limitations resulting from similar severe impairments as the Plaintiff here and the Court found no error at Step Five.    2025 WL 4640389, at *5-6 (N.D.N.Y. Apr. 23, 2025), *report and recommendation adopted sub nom. Leon A. v. Comm'r of Soc. Sec. Admin.*, 2026 WL 412129 (N.D.N.Y. Feb. 13, 2026).  Indeed, in such circumstances courts have repeatedly recognized that it was not error to rely on the Grids without taking testimony from a vocational expert.  *See*, *e.g.*, *Crystal L. C. v. Comm'r of Soc. Sec.*, 2025 WL 2726720, at *4 (N.D.N.Y. Sept. 25, 2025); *Tashona R. D. v. Comm'r of Soc. Sec.*, 2024 WL 4442722, at *10; *Hansen-Nilsen v. Comm'r of Soc. Sec.*, 2017 WL 913933, at *8 (N.D.N.Y. Feb. 7, 2017), *report and recommendation adopted*, 2017 WL 913639 (N.D.N.Y. Mar. 6, 2017).  Having concluded that the ALJ's analysis of the medical record and her RFC determination were supported by substantial evidence, no basis appears on the record for reversing the factual finding regarding the impact of Plaintiff's limitations on the occupational base.

The Court, therefore, recommends that the Commissioner's decision be affirmed.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED** and the Complaint **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  April 28, 2026
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

11